Matter of Natter v Honovich (2024 NY Slip Op 04558)

Matter of Natter v Honovich

2024 NY Slip Op 04558

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2023-00232
 (Docket Nos. V-6836-17/21A, V-6836-17/21B)

[*1]In the Matter of John Natter, appellant,
v
Stacy Honovich, respondent. (Proceeding No. 1)
In the Matter of Stacy Honovich, respondent,
v
John Natter, appellant. (Proceeding No. 2)

Thomas J. Butler, Melville, NY, for appellant.
Law Offices of Seidner & Associates, P.C., Garden City, NY (Matthew S. Seidner of counsel), for respondent.
Michael E. Repole, Smithtown, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated December 16, 2022. The order, insofar as appealed from, after a hearing, denied the father's petition to modify an order of the same court (Kerri Lechtrecker, Ct. Atty. Ref.) dated September 13, 2017, made on consent of the parties, so as to award him sole legal and residential custody of the parties' child, and dismissed that proceeding.
ORDERED that the order dated December 16, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the unmarried parents of one child, born in 2015. Pursuant to an order dated September 13, 2017, made on consent of the parties, the mother was awarded sole legal and residential custody of the child, subject to the father's parental access. In January 2021, the father commenced a proceeding to modify the order dated September 13, 2017, so as to award him sole legal and residential custody of the child. In an order dated December 16, 2022, after a hearing, the Family Court determined that there had been a substantial change in circumstances since the entry of the order dated September 13, 2017, but that a change of custody would not be in the best interests of the child. The court, therefore, denied the father's petition and dismissed that proceeding. The father appeals.
The paramount concern in any child custody determination is the best interests of the child under the totality of circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Daclin-Goyatton v Cousins, 225 AD3d 694, 695; Matter of Martinez v Gaddy, 223 AD3d 816, 817). "Since the Family Court's determination with respect to custody and parental access depends to a [*2]great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Daclin-Goyatton v Cousins, 225 AD3d at 695; see Eschbach v Eschbach, 56 NY2d at 173-174).
Here, the Family Court's determination denying the father's petition to modify the order dated September 13, 2017, so as to award him sole legal and residential custody of the child has a sound and substantial basis in the record and will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 174; Matter of Daclin-Goyatton v Cousins, 225 AD3d at 695).
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court